UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| KYLE CHRISTENSEN, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:19cv1927 (KAD) |
| | : | |
| MATT GADANSKI, et al., | : | |
| Defendants. | : | |

## INITIAL REVIEW ORDER

On December 6, 2019, the plaintiff, Kyle Christensen, an inmate currently confined at Carl Robinson Correctional Institute ("CRCI"), brought this civil rights action against Attorney Matt Gadanski, Warden Caron, Dr. Carson Wright, Registered Nurse ("R.N.") Paula Humes, Dr. Allen Donald, Health Services Administrator Ron LaBonte, Medical Supervisor Dr. Chris Merrill, and Attorney Richard Brown. Compl. [ECF No. 1].[1] He alleges that he has received inadequate medical care while in prison, and he seeks a declaratory judgment, injunctive relief, and compensatory and punitive damages. For the following reasons, the Court will permit Plaintiff's Eighth Amendment claims of deliberate indifference to his medical needs to proceed against Warden Caron, Dr. Carson Wright, Registered Nurse ("R.N.") Paula Humes, Dr. Allen Donald, Health Services Administrator Ron LaBonte, and Dr. Chris Merrill. All other claims are dismissed.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary

---

[1] The plaintiff is now proceeding *pro se* and *in forma pauperis*.

1

relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**ALLEGATIONS**

On September 4, 2015, Plaintiff was sentenced to a period of incarceration of seven and a half years to be followed by five years of special parole. Compl. at ¶ 2 [ECF No. 1]. During the Plaintiff's sentencing, the judge ordered, as contemplated under the plea agreement, that Plaintiff's doctor's prescription for medical treatment and rehabilitation for his knee should be followed by the DOC. *Id.* at ¶¶ 2, 5 & p. 10.

However, at CRCI, Drs. Wright, Merrill, and Donald, Plaintiff's treatment providers, have denied Plaintiff this prescribed course of treatment and put in its place a "lesser course of

treatment." *Id.* at ¶ 3.   Plaintiff has received no rehabilitation at CRCI during the course of four years. *Id.* at p. 10. He has only received treatment of ibuprofen. *Id.* Additionally, he was housed on an upper bunk bed, which resulted in a broken pin in his leg. *Id.*

This "lesser course of treatment" denied him the possibility of preserving his knee and reduced his quality of life. *Id.* at ¶ 5, 8, 9. He will eventually require knee replacement surgery, which will not completely restore his full range of motion or mobility. *Id.* at ¶¶ 5, 8, 9. He is experiencing discomfort and painful symptoms of arthritis that will continue to worsen with time. *Id.* at ¶ 8, p. 9.

While his case was pending, Plaintiff was scheduled for surgery. *Id.* at ¶ 6. Prosecutor Matt Gadanski offered him plea deals for a sentence of five years; however, these plea deals required him to forgo the scheduled surgery and go to prison immediately. *Id.* at ¶ 6 and p. 9. The sentencing date was set intentionally so that he could receive the surgeries and rehabilitation according to a "better course of treatment." *Id.* at ¶ 6. Plaintiff took the advice of his doctor and his lawyer, Attorney Brown, and did not take the plea deal, thereby keeping his original sentencing date.[2] *Id.* at ¶ 7. As a result, he received an extra 2.5 years of incarceration and five years of special parole. *Id.*

Plaintiff filed numerous complaints about the medical care for his knee at CRCI, and Warden Caren, Paula Hume, Ron Labonte and Dr. Merrill are all aware of the issues about his need for medical treatment for his knee. *Id.* at ¶ 10.

---

[2]The Court takes judicial notice of the superior court record regarding the underlying prosecution of Plaintiff, TTD - CR14-0106367-T, which reflects that Plaintiff was represented by Attorney Brown. *See Bristol v. Nassau Cnty.,* 685 Fed. App'x. 26, 28 (2d Cir. 2017) (court properly took judicial notice of state court criminal proceedings, which were "self-authenticating, publicly available records").
This record is maintained by the Connecticut Judicial Department and available on the public website at: https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=ce6e8065-664d-4edb-9eb4-a03960d8d224.

DISCUSSION

Plaintiff's complaint does not specify whether he asserts his claims against the defendants in their official or individual capacities. However, construing the allegations most liberally, the Court will assume that Plaintiff is suing the defendants in both their official and individual capacities for violation of the Eighth Amendment due to deliberate indifference to his medical needs.

Attorneys Gadanski and Brown

As an initial matter, Attorney Gadanski in his role as prosecutor in the case against Plaintiff is protected from suit under § 1983 by absolute immunity. *See Giraldo v. Kessler,* 694 F.3d 161, 165 (2d Cir. 2012) (Prosecutors have prosecutorial immunity when they engage in "advocacy conduct that is 'intimately associated with the judicial phase of the criminal process.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (noting that prosecutorial immunity from § 1983 liability is broadly defined, and covers 'virtually all acts," associated with prosecutor's function as an advocate); *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) ("Case law from this circuit clearly establishes that the district attorneys' activities with respect to the malicious prosecution claim, as well as all the claims relating to Pinaud's plea agreement and the presentations to the grand jury, are covered by absolute immunity.")

Additionally, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Plaintiff 's complaint includes no allegations indicating that Attorneys Gadanski or Brown had any involvement in his medical treatment at CRCI. Gadanski and

Brown's conduct as prosecutor and defense attorney, respectively, have no bearing on the Eighth Amendment claim raised in the complaint. Because the allegations of the complaint establish no connection between defendants Brown and Gadanski and the alleged deliberate indifference to Plaintiff's medical needs, any individual and official capacity claims against these defendants are dismissed. *Reese v. Lightner*, No. 3:18CV1922 (KAD), 2019 WL 2176342, at *4 (D. Conn. May 20, 2019) (dismissing official and individual capacity claims where plaintiff failed to allege allegations regarding the acts or omissions of defendants); 28 U.S.C. § 1915A(b)(1).

Eighth Amendment Deliberate Indifference to Medical Needs

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the United States Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Id.* at 104 (internal quotation marks and citation omitted). The Court explained that "[t]his is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-105.

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In order to state a deliberate indifference claim, the plaintiff must allege both that his medical need was sufficiently serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle*, 492 U.S. at 105). *See also, Wilson v. Seiter*, 501 U.S.

5

294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). As to the defendants' *mens rea,* the defendants must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of their action or inaction and disregarded that risk. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006). "[M]ere medical malpractice is not tantamount to deliberate indifference," unless "the malpractice involves culpable recklessness, i.e., a conscious disregard of a substantial risk of serious harm." *Chance***,** 143 F.3d at 703 (internal quotation marks and citation omitted). Further, "mere disagreement over the proper treatment does not create a constitutional claim," and "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.*; *see also Hathaway*, 37 F.3d at 70 ("We do not sit as a medical board of review. Where the dispute concerns not the absence of help but the choice of a certain course of treatment, or evidenced mere disagreement with considered medical judgment, we will not second guess the doctors.").

Within these parameters, the Court concludes, for purposes of this Initial Review Order, that the Plaintiff has plausibly alleged an Eighth Amendment claim for deliberate indifference to medical needs against his medical providers, Drs. Wright, Donald, and Merrill. Plaintiff has alleged facts suggesting he has a serious medical condition with respect to his knee and that his knee is deteriorating to the point that it will require replacement surgery. Compl. at ¶ 5, 9. Plaintiff has also alleged that he is effectively receiving no treatment beyond the administration of ibuprofen. He alleges that he has received no rehabilitative therapy and to make matters worse, was given a top bunk which has resulted in further injury. While Plaintiff's complaint

might be construed as expressing a mere difference of opinion regarding treatment, which would not ordinarily give rise to an Eighth Amendment claim, at this juncture, the claim will proceed to the discovery phase.

The allegations also indicate that Warden Caron, R.N. Humes, Health Services Administrator LaBonte, and Medical Supervisor Merrill are aware of his need for medical treatment because he has filed numerous complaints in the process of exhausting his administrative remedies. *Id.* at ¶ 10. Again, construed broadly, his complaint raises an inference that these defendants were in supervisory positions, and that they had notice but failed to remedy the deliberate indifference to Plaintiff's need for treatment. *See Brandon v. Kinter*, 938 F.3d 21, 37 (2d Cir. 2019) (supervisory officials who were informed of violation but failed to remedy the violation may be held liable); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[3]

The Court finds Plaintiff has stated plausible Eighth Amendment deliberate indifference claims against Dr. Wright, Dr. Donald, Dr. Merrill, Warden Caron, R.N. Humes, and Health Services Administrator LaBonte. His Eighth Amendment claims may proceed against defendants in their individual capacities for damages.

However, any claims for money damages against the defendants, who are state employees, in their official capacities are dismissed as barred by the Eleventh Amendment. *See, e.g. Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

---

[3]The Second Circuit has observed that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, without further Second Circuit guidance on this issue, the court applies the parameters of supervisory liability set forth in *Colon.*

**Declaratory and Injunctive Relief**

Plaintiff requests a mandatory injunction to order defendants to provide rehabilitative surgery and other medical procedures.[4] He also requests a declaratory judgment stating that the permanent knee injury was caused by defendants' conduct in violation of the Eighth Amendment.

In *Ex parte Young*, 209 U.S. 123 (1908), the United States Supreme Court recognized a limited exception to the Eleventh Amendment's grant of sovereign immunity from suit to permit a plaintiff to sue a state official acting in an official capacity for prospective injunctive relief for continuing violations of federal law. *Id.* at 155–56; *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). "A plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) (citation and quotation omitted). However, this exception to Eleventh Amendment immunity "does not permit judgments against state officers declaring that they violated federal law in the past." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* ... to claims for retrospective relief.").

Plaintiff's injunctive request seeks prospective relief for medical treatment and will be permitted to proceed. However, the Court will dismiss Plaintiff's request for declaratory

---

[4] "'[I]njunctive relief against a state official may be recovered only in an official capacity suit,' because '[a] victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him.'" *Marsh v. Kirshner*, 31 F. Supp. 2d 79, 80 (D. Conn. 1998). Thus, a plaintiff may only seek injunctive relief under Section 1983 against a corrections officer sued in his official capacity. *See Altayeb v. Chapdelaine*, No. 3:16-CV-00067 (CSH), 2016 WL 7331551, at *3 (D. Conn. Dec. 16, 2016).

judgment, which seeks a declaration that defendants violated the Eighth Amendment based on past conduct. Accordingly, this claim will be dismissed under 28 U.S.C. § 1915A(b)(1).

**Appointment of Counsel**

The plaintiff has filed a motion for appointment of counsel. Mot. to appoint counsel, ECF. No. 3. A court "may request an attorney to represent any person unable to afford counsel." 42 U..S.C. § 1915(e)(1). However, civil litigants do not have a constitutional right to the appointment of counsel. *See Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68–69 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case.") (citation omitted). "District courts exercise substantial discretion in deciding whether to appoint counsel . . . ." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003). The Second Circuit has cautioned against the "routine appointment of counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173–74 (2d Cir. 1989).

In considering whether to appoint *pro bono* counsel for an indigent litigant, a district court must "first determine whether the indigent's position seems likely to be of substance." *See Hodge* v. *Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *see also Cooper*, 877 F.2d at 171 ("counsel is often unwarranted where the [litigant's] chances of success are extremely slim."). If the claims are sufficiently meritorious, the Court should then consider other factors bearing on the need for appointment of counsel, including the movant's ability to investigate the factual issues of the case, whether conflicting evidence implicating the need for cross-examination will be the major proof presented, the movant's apparent ability to present the case, and the complexity of the legal issues involved. *See Hodge*, 802 F.2d at 61–62. A court may also consider if the indigent party has made an effort to retain counsel and the general availability of

counsel able to provide representation on a *pro bono* basis. *See Cooper*, 877 F.2d at 172; *see also Hodge*, 802 F.2d at 61.

Although the Court has found that Plaintiff's claims are not frivolous, the Court cannot determine whether the claims are sufficiently meritorious to warrant appointment of counsel. Furthermore, Plaintiff's motion for appointment of counsel indicates that he has contacted only one attorney in effort to retain counsel. Accordingly, the Court cannot determine whether counsel would be available to represent him. At this early stage in the litigation, Plaintiff has the opportunity to make a broader search for an attorney to represent him. The Court denies Plaintiff's motion for appointment of counsel without prejudice to his filing a motion for appointment at a time later in this litigation. In any subsequent motion for appointment of counsel, Plaintiff should demonstrate his efforts to contact and retain the representation of counsel.

## ORDERS

(1) The **motion for counsel** [ECF No. 3] is **DENIED**.

(2) The case shall proceed on Plaintiff's Eighth Amendment claims based on deliberate indifference to his medical needs against Dr. Wright, Dr. Donald, Dr. Merrill, Warden Caron, R.N. Humes, and Health Services Administrator LaBonte in their individual capacities for damages. The request for injunctive relief will proceed against the defendants in their official capacities.

All official capacity claims against the defendants for monetary damages or declaratory relief are DISMISSED.

All claims against Attorney Richard Brown and Attorney Matt Gadanski are

DISMISSED with prejudice.

(3) The clerk shall verify the current work addresses for Dr. Wright, Dr. Donald, Dr. Merrill, Warden Caron, R.N. Humes, and Health Services Administrator LaBonte at Carl Robinson Correctional Institution with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to them at their confirmed addresses on or before **February 21, 2020,** and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5) The clerk shall prepare a summons form and send an official capacity service packet, including the complaint (ECF No. 1), and this Initial Review Order on Dr. Wright, Dr. Donald, Dr. Merrill, Warden Caron, R.N. Humes, and Health Services Administrator LaBonte to the United States Marshal Service. The U.S. Marshal is directed to effect service of the complaint on defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, on or before **February 21, 2020** and file a return of service on or before **March 2, 2020.**

(4) The clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(5) Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit

11

or deny the allegations and respond to the cognizable claims recited above. The defendants may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed on or before **July 31, 2020**. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed on or before **August 31, 2020.**

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10)  If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(12) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 31st day of January 2020, at Bridgeport, Connecticut.

                                            \_\_\_/s/_____
                                            Kari A. Dooley
                                            United States District Judge