UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KYLE CHRISTENSEN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:19cv1927 (KAD) |
| | : | |
| MATT GADANSKI, et al., | : | |
|     Defendants. | : | |

**ORDER**

On August 19, 2020, the clerk docketed the summons returned as unexecuted for Defendants Carson Wright, Allen Donald, and Chris Merill. ECF Nos. 20, 21, 22.

The Court has subsequently learned that Carson Wright's current place of employment is Osborn Correctional Institution. Therefore, the Clerk of the Court is directed to send a waiver of service packet containing the Complaint and the Initial Review Order to Dr. Carson Wright at Osborn Correctional Institution on or before **October 16, 2020**, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Defendant Wright fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d). packet to Carson Wright at Osborne.

Without a current mailing address for Defendants Allen Donald and Chris Merill, the Clerk is unable to effectuate service. It is the responsibility of the plaintiff, not the Court or the United States Marshal Service, to provide a current address at which service may be effectuated on each defendant. *Lewis v. Maldonado*, No. 3:14-cv-437(MPS), 2015 WL 2016174, at *1 (D.

Conn. May 1, 2015) (citing cases). Plaintiff is therefore directed to provide the Clerk with a current mailing address for the defendants Donald and Merill within 60 days of the date of this order. If he does not have this information, he may use the discovery process to obtain this information and file a notice containing same thereafter. Once the Court receives an address at which the defendants can be served, the Clerk will send a waiver of service packet to the defendants or otherwise assist in effectuating service.

If the Plaintiff fails to provide an address for service for the Defendants within 60 days of this order, the claims against the Defendants Donald and Merill will be dismissed pursuant to Rule 4(m), Fed. R. Civ. P.

In a letter dated August 27, 2020, the Plaintiff requests an appointment of *pro bono* counsel to assist him with the service on the defendants. If the Plaintiff believes that he is entitled to an appointment of counsel under the standards articulated in this Court's Initial Review Order, he may file a motion for appointment of counsel.

It is **SO ORDERED** this 25th day of September 2020 at Bridgeport, Connecticut.

                                                       _/s/_____
                                                       Kari A. Dooley
                                                       United States District Judge